# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| USA TRUCK, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-678-D |
| | ) | |
| ERIC E. BROWN and | ) | |
| SHAMBERG, JOHNSON & | ) | |
| BERGMAN, CHTD., | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

Before the Court is Cross-claim Plaintiff Shamberg, Johnson & Bergman, Chtd.'s (SJB) Motion for Summary Judgment [Doc. No. 20]. Cross-claim Defendant Eric Brown (Brown), appearing pro se, has filed his response in opposition [Doc. No. 21], and the matter is fully briefed and at issue. Since Brown is a pro se litigant, the Court construes his response liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). However, the Court cannot act as Brown's advocate, nor can it "supply additional factual allegations to . . . construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir.1997) (citing *Hall*, 935 F.2d at 1110). Further, pro se litigants must follow the same procedural rules that govern other litigants. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007).

# BACKGROUND

The following facts are undisputed or, where sufficiently controverted, are stated in the light most favorable to Brown. *Scott v. Harris*, 550 U.S. 372, 378 (2007). Brown retained SJB to represent him in an action against USA Truck, Inc. to recover damages suffered from a motor vehicle accident. Brown signed a three-page Employment Agreement with SJB, which set forth the terms of the representation. With respect to SJB's attorney's fees and expenses, the agreement stated in relevant part:

## ATTORNEYS' FEES AND LITIGATION EXPENSES

In consideration of professional services to be rendered as a result of employment of [SJB], [Brown] agree[s] to pay [SJB] a sum equal to 40% of the gross amount recovered by compromise, settlement, suit, trial or appeal. . . . Litigation expenses will be advanced by [SJB] with appropriate accounting of said litigation expenses to be provided to [Brown]. *The litigation expenses advanced by [SJB] shall be reimbursed by [Brown] from [Brown's] portion of the recovery*.

(Emphasis added). The agreement is dated November 10, 2009, although, from the parties' submissions, this date is incorrect. At the bottom right-hand corner of each page is a space for the signatories' initials, which were left blank.

After a bench trial, the Court entered judgment against USA Truck in favor of Brown in the amount of $57,489.07. With prejudgment interest and costs, the judgment totaled $81,578.43. The litigation expenses incurred by SJB in prosecuting

Brown's case total $137,191.57. USA Truck filed this interpleader action, in which it was permitted to pay the judgment into the registry of the Court. Afterward, it was dismissed as a party.

Pursuant to the terms of the Employment Agreement, SJB contends it is entitled to the entire amount of the judgment. Brown's argument, liberally construed, contends the agreement is not enforceable due to the fact that (1) the date is incorrect and (2) the pages are not initialed. Brown also contends that, in light of the foregoing error, the parties envisioned executing another contract. With modifications for grammatical, spelling, and punctuation errors, Brown's response, in relevant part, states the following:

> I believe the contract is not binding by law. We both knew that the contract needed fixing. In light of that judge please notice, that there are no INITIALS on any of the pages. I REFUSED TO FINISH UNTIL WE FIXED THE DATE. IT WAS GOING TO BE A NEW ONE SO WE STOPPED . . . . THAT IS WHY THERE ARE NO INITIALS ON IT . . . . WE WERE SUPPOSED TO do a new [contract] HE DID NOT FOLLOW THROUGH and . . . he sequestered himself from this case from ALL further matters that may arise. I believe I am entitled to medical money granted to me. I feel if he did not get compensated for work he should not have sequestered himself from the case . . . . Therefore I am asking you to respectfully DENY HIS REQUEST[.]

Correspondence from Eric Brown dated February 2, 2016 [Doc. No. 21].

## STANDARD OF DECISION

"Summary judgment is proper if, viewing the evidence in the light most favorable to the non-moving party, there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Bonidy v. U.S. Postal Service*, 790 F.3d 1121, 1124 (10th Cir. 2015) (citation omitted). A movant may establish that a fact cannot be genuinely disputed by citing to particular parts of depositions, documents, electronically stored information, affidavits, declarations, stipulations, discovery responses, or other materials. Fed. R. Civ. P. 56(c)(1)(A). Once the moving party has met its burden, the burden shifts to the nonmoving party to present sufficient evidence in specific, factual form to establish a genuine factual dispute. *Adler v. Wal-Mart Stores, Inc*., 144 F.3d 664, 671 (10th Cir. 1998). The nonmoving party may not rest upon the mere allegations or denials of its pleadings. Rather, it must go beyond the pleadings and establish, through admissible evidence, that there is a genuine issue of material fact that must be resolved by the trier of fact. *Id*. Unsupported conclusory allegations do not create an issue of fact. *Finstuen v. Crutcher*, 496 F.3d 1139, 1144 (10th Cir. 2007).

The Court does not weigh the evidence and make findings of fact on a motion for summary judgment. The Court only determines whether there is a genuine dispute concerning a material fact. *Jones v. Barnhart*, 349 F.3d 1260, 1265 (10th Cir. 2003).

An issue is "genuine" if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way. *Adler*, 144 F.3d at 670. An issue of fact is "material" if under the substantive law it is essential to the proper disposition of the claim. *Id*.

## DISCUSSION

Under Oklahoma law, parties are free to structure their contractual obligations as they wish, so long as they do not clearly contravene the law or public policy. *Combs v. Shelter Mut. Ins. Co.*, 551 F.3d 991, 996 (10th Cir. 2008) (citing *Oxley v. Gen. Atlantic Res., Inc*., 1997 OK 46, 936 P.2d 943, 945). A contract should be construed to carry out the intention of the parties at the time the contract was made, and should receive a construction which makes it reasonable, lawful, definite and capable of carrying into effect if it can be done without violating the intent of the parties. *Oxley*, 936 P.2d at 945-946.

Pursuant to these rules of contract construction, the Court finds the Employment Agreement enforceable and permits SJB to recover the judgment at issue. "In Oklahoma, contingency fee contracts of fifty percent or less are valid and enforceable." *In re Western Real Estate Fund, Inc.*, 922 F.2d 592, 595 (10th Cir.

1990) (citing 5 OKLA. STAT. § 7).[1] The agreement at issue here was based on a 40%

contingent fee. Although Brown disputes the validity of the agreement, he has

presented no authority or facts, other than his allegations, to support this contention

or his assertion that the parties intended to enter into another agreement. Such is

insufficient evidence for the Court to consider on summary judgment. *See Adler*, 144

F.3d at 674 ("Vague, conclusory statements do not suffice to create a genuine issue

of material fact."). Notwithstanding the absence of such proof, the Court finds

Brown's arguments regarding the fact the agreement is misdated and not initialed

takes nothing away from its essence, which was the parties' agreement that SJB

represent Brown in his lawsuit and receive 40% of any judgment, plus recoupment of

litigation expenses. Brown does not contend another type of fee agreement was

envisioned. Brown permitted SJB to represent him at all stages of litigation and try his

case to the Court. Unfortunately for SJB and Brown, however, the amount of the

judgment was far less than the litigation expenses incurred by SJB. Accordingly, the

---

[1] It is not clear from the agreement where it was executed, but presumably the agreement was entered into at SJB's office in Kansas City, Missouri. Neither party suggests that the application of Oklahoma law is inappropriate, and SJB cites to Oklahoma law in its motion. Thus, the Court has applied Oklahoma law to the agreement in question.

Court finds summary judgment in SJB's favor is appropriate.[2]

## CONCLUSION

Cross-claim Plaintiff Shamberg, Johnson & Bergman, Chtd.'s Motion for Summary Judgment [Doc. No. 20] is **GRANTED** as set forth herein. The Clerk of Court is hereby directed to issue payment of the $81,578.43 from the Court's registry to Shamberg, Johnson & Bergman, Chtd.

**IT IS SO ORDERED** this 5th day of July, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2]Although the Court finds SJB's motion should be granted, it must also be noted that SJB earned no fee in this case since the litigation expenses exceeded the recovery.